VAN RENSSELAER GETMAN, as Executor, etc., Appellant, *v.* ALONZO B. INGERSOLL et al., Respondents.

The relief demanded in the original complaint in this action was, that a judgment for $150, which had been recovered by defendant against plaintiff, be satisfied of record, etc. While said action was pending, by virtue of an execution issued upon said judgment, real estate belonging to plaintiff, worth $1,000, was sold, and a deed thereof given to R. Thereafter R. was made a defendant to said action, and a supplemental complaint served which asked that the sale be set aside, and the judgment satisfied and discharged of record, etc. A judgment was rendered adjudging the judgment in question to be valid, the sale under it regular, and that R. acquired a good title to the land sold, and dismissing the complaint. Upon motion to dismiss an appeal to this court from a judgment of General Term affirming said judgment, *held*, that, although, when the action was originally brought, the judgment in suit was simply a lien upon the land and did not affect the title or any interest therein, and, as the matter in controversy was less than $150, no appeal could have been brought to this court from any judgment therein, when the action was tried the title, of which plaintiff had been divested by the execution sale, came in controversy and was affected by the judgment; and so, that an appeal to this court was authorized. (Code Civ. Pro.§ 191.)

(Argued October 8, 1889; decided October 15, 1889.)

MOTION to dismiss appeal from a judgment of the General Term of the Supreme Court in the fourth judicial department,

entered upon an order made at the July Term, 1888, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The material facts are stated in the opinion.

*George W. Bradner* for motion. This court has no jurisdiction of the appeal. (Code of Civ. Pro. §§ 190, 191, subd. 3.) The only issue was as to the lien of the judgment on plaintiff's real estate and its validity; the title to real estate was not involved. (*Wheeler* v. *Scofield*, 67 N. Y. 311; *Nichols* v. *Voorhis*, 74 id. 28; *Petrie* v. *Adams*, 71 id. 79; *Rogers* v. *Vil. of Sandy Hill*, 77 id. 598; *Trevett* v. *Barnes*, 110 id. 500.) "The matter in controversy, excluding costs, is less than $500." (*Petrie* v. *Adams*, 71 N. Y. 79, 81; *Brown* v. *Sigourney*, 72 id. 122; *Knapp* v. *Deyo*, 108 id. 518; *Campbell* v. *Mandeville*, 110 id. 628.)

*C. C. Brown* and *M. L. Wright* opposed.

PER CURIAM. This action was originally brought by Daniel Getman against the defendant Ingersoll, and the relief demanded in the complaint was that a judgment for about $150, which had been recovered by Ingersoll against the plaintiff, be satisfied, and that Ingersoll be forever restrained from selling any of the plaintiff's property by virtue thereof.

Subsequently, by virtue of an execution issued upon the judgment, and while the action was pending, the sheriff sold real estate of the plaintiff worth about $1,000, and in pursuance of that sale a deed was afterward given to the defendant Rulison. Thereafter plaintiff made Rulison a party defendant and served a supplemental complaint in which he prayed judgment that the sale be set aside, that the judgment be satisfied and discharged of record, that the defendant be restrained from selling or offering for sale the premises described in the complaint, and that he be allowed to redeem them. The defendants put the action at issue by their answers, and the cause was referred to a referee and tried before him. He found that Ingersoll's judgment was a valid judgment,

that the sale under it was regular, and that the defendant Rulison acquired a good title to the land sold, and he dismissed the complaint. The plaintiff then appealed to the General Term, where the judgment was affirmed, and he then appealed to this court

This motion is made to dismiss the appeal upon the ground that it is unauthorized by the Code, and that this court has no jurisdiction to entertain the same.

When the action was originally commenced, as Ingersoll's judgment was simply a lien upon the land, it did not affect the title to real property or any interest therein, and as the matter in controversy was less than $500, an appeal could not have been taken to this court from any judgment entered in the action. But before the original action came to trial, there was a sale under an execution issued upon that judgment, and the plaintiff was divested of the title to land worth $1,000 ; and when the action finally came to trial, the title to that land came in controversy. The plaintiff sought to have Rulison's title set aside and to be reinvested with the title, and the court below denied him relief. Under such circumstances, it cannot be said that the action does not affect the title to real property, or an interest therein, within the meaning of section 191 of the Code.

The motion should, therefore, be denied, with costs.

All concur.

Motion denied.